GRAND JURY MATERIAL - DISSEMINATE ONLY
PURSUANT TO RULE 6 (e), FED. R. CRIM. P.

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

UNITED STATES OF AMERICA,



v.

## *WARRANT FOR ARREST*

MARIE JEANETTE MASON,

CASE NUMBER: **1:08-cr-47**

**Paul L Maloney
US District Judge**

To: The United States Marshal
and any Authorized United States Officer

**1 ⁞ 08 M J - 63 ⁙**

YOU ARE HEREBY COMMANDED TO ARREST _____ MARIE JEANETTE MASON _____

Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

_X_ Indictment ___ Information ___ Complaint ___ Order of court ___ Violation Notice ___ Probation Violation Petition

charging him or her (brief description of offense)

with Arson

in violation of Title _18_ United States Code, Sections _844(f)(2) and 3295_

Ellen S. Carmody
U.S. Magistrate Judge

HUGH W. BRENNEMAN, JR.
Name of Issuing Officer

Magistrate Judge
Title of issuing Officer

2/28/08
02-26-2008 Grand Rapids, Michigan
Date and Location

Signature of Issuing Officer

(By) Deputy Clerk
**Bail Fixed at $** _____

by _____
Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at | | |
| **DATE RECEIVED** | **NAME AND TITLE OF ARRESTING OFFICER** | **SIGNATURE OF ARRESTING OFFICER** |
| **DATE OF ARREST** | | |

GRAND JURY MATERIAL - DISSEMINATE ONLY
PURSUANT TO RULE 6 (e), FED. R. CRIM. P.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - -

**FILED - GR**

February 28, 2008 4:56 PM

RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ___gf____/_____

UNITED STATES OF AMERICA,

     Plaintiff,

     vs.

MARIE JEANETTE MASON,
FRANK BRIAN AMBROSE,
AREN BERNARD BURTHWICK, and
STEPHANIE LYNNE FULTZ *nee* DZAGULONES,

     Defendants.

No.

**1:08-cr-47**

**Paul L Maloney**
**US District Judge**

**MOTION TO SEAL**

_____/

     Now comes the United States of America by Charles R. Gross, United States Attorney for

the Western District of Michigan, and Hagen W. Frank, Assistant United States Attorney, and

moves this court to seal the Indictment in the above entitled case in order that the execution of

the arrest warrants be unimpeded and the investigation continue; and that such sealing remain in

force and operation until the defendants are advised of these proceedings, arrested, the

investigation is completed, or further order of this court.

                               Respectfully submitted,

                               CHARLES R. GROSS
                               United States Attorney

Dated: February 26, 2008

                               HAGEN W. FRANK
                               Assistant United States Attorney
                               P.O. Box 208
                               Grand Rapids, MI 49501-0208
                               (616) 456-2404

**IT IS SO ORDERED.**

Dated: February 28, 2008

                               HUGH W. BRENNEMAN, JR.
                               United States Magistrate Judge
                               United States District Court

**FILED - GR**

February 28, 2008 4:56 PM

RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ___ gf ___ / ___

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - -

UNITED STATES OF AMERICA,

            Plaintiff,

vs.

MARIE JEANETTE MASON,
FRANK BRIAN AMBROSE,
AREN BERNARD BURTHWICK, and
STEPHANIE LYNNE FULTZ, *nee* DZAGULONES,

            Defendants.

_____/

No.

**1:08-cr-47**

Hon.

**Paul L Maloney
US District Judge**

**INDICTMENT**

The Grand Jury charges:

## INTRODUCTION

At all times pertinent hereto, the following relevant facts were true:

1.    In or about April 1999, Marie Jeanette Mason and Frank Brian Ambrose became acquainted and commenced a personal and ongoing relationship. Both Mason and Ambrose were committed to environmentalist causes and were, or shortly thereafter became, actively engaged in lawful public advocacy against activities they perceived as being harmful to the environment. By late 1999, however, both Mason and Ambrose had begun to engage in acts of vandalism and property destruction in support of those causes and to affiliate themselves with an organization known as the "Earth Liberation Front," or "ELF."

2.    The ELF was, and remains, a loosely organized movement of individuals who are committed to the eradication of commercial, research, and other activities that its adherents consider harmful to the natural environment. ELF espouses a philosophy of what its adherents

refer to as "direct action," a term that denotes acts of politically-motivated violence designed to force segments of society, including the general civilian population, private business, and government, to change their attitudes about environmental issues and/or to cease activities considered by the movement to have a negative impact on the natural environment.

3.     ELF direct actions include acts that violate the criminal laws of the United States or of individual States and that are dangerous to human life. ELF adherents carry out such direct actions in order to intimidate or coerce civilian populations and/or to influence the policy of government through such means. Arson is one of the most frequently employed forms of ELF direct action.

4.     ELF maintains and operates a website on the Internet for purposes that include advocating its views, promulgating direct action techniques and providing instruction on construction of incendiary devices, and publicizing direct actions carried out by its adherents against specific targets. Over time, such targets have included new-home and commercial property construction sites; construction and logging equipment; and locations where plant and animal genetic research are conducted.

5.     The Grand Jury incorporates into Count 1, specifically and by reference and as if stated therein, the allegations and assertions stated in the Introduction.

2

## COUNT 1
(Conspiracy To Commit Arson)

Between on or about December 31, 1999, and January 2, 2000, in the Southern Division

of the Western District of Michigan, the Defendants,

MARIE JEANETTE MASON,
FRANK BRIAN AMBROSE,
AREN BERNARD BURTHWICK, and
STEPHANIE LYNNE FULTZ, *nee* DZAGULONES,

did unlawfully, willfully, and knowingly conspire, confederate and agree with one another, and

with a person known to the Grand Jury, to commit one or both of the following offenses: (1) to

maliciously damage or destroy, by means of fire, a building and personal property owned by an

institution receiving Federal financial assistance and used in an activity affecting interstate or

foreign commerce, to wit, Agriculture Hall at Michigan State University and the personal

property therein; and (2) to maliciously damage or destroy, by means of fire, personal property

used in interstate commerce or in an activity affecting interstate commerce, to wit, commercial

lumbering equipment consisting of a "John Deere" brand Hydro-Ax Shear and a commercial

flatbed trailer.

## OBJECT OF THE CONSPIRACY

The object of the conspiracy was for the Defendants to influence and affect the conduct of

government, commerce, private business and others in the civilian population by means of force,

violence, intimidation, and coercion. To achieve these purposes, the Defendants committed acts

of arson that were dangerous to human life and that violated the criminal laws of the United

States.

3

## OVERT ACTS

In furtherance of the conspiracy, and to effect its objects, at least one of the following overt acts was committed in the Western District of Michigan by a member of the conspiracy.

1.      On an unknown date prior to December 31, 1999, Marie Mason obtained and reviewed printed information that had been gathered by a person, known to the Grand Jury, regarding plant genetic research that was being funded by the United States Government and that was being conducted at Michigan State University in East Lansing, Michigan, by employees of that institution.

2.      On or about December 30, 1999, Frank Ambrose traveled by car from Virginia to Detroit, Michigan, where he picked up Aren Burthwick, Stephanie Fultz, *nee* Dzagulones, and a person known to the Grand Jury, before continuing on to Empire, Michigan, where the group met Marie Mason.

3.      While in Empire, Michigan, the group discussed and planned traveling to East Lansing, Michigan, for the purpose of destroying, by fire, records of, and papers related to, plant genetic research that they believed was being conducted at Agriculture Hall on the campus of Michigan State University, as well as plants being grown in a nearby greenhouse or greenhouses.

4.      In the early evening hours of December 31, 1999, Mason and Ambrose traveled by car from Empire to the campus of Michigan State University in East Lansing, Michigan, and located Agriculture Hall. They then entered the building and located the third floor office spaces they had previously identified as the location where records of, and papers related to, plant genetic research were maintained.

4

5.    While Mason remained in the largely uninhabited building, Ambrose left the

building and traveled to a nearby Meijer retail store, where he purchased several one-gallon jugs

of juice and other materials to use in the arson. He then traveled to a nearby gas station, poured

out the juice, and filled the jugs with gasoline.

6.    Ambrose then returned to Agriculture Hall, and Mason let him into the locked

building. The two then returned to the third floor office spaces, opened file cabinets, and poured

gasoline on the files, various computer hard-drives, and on the floor.

7.    While Ambrose fashioned a crude fuse using rolled up paper and prepared to light

it, Mason began to write the message "No GMO," shorthand for "No Genetically Modified

Organisms," on an adjoining wall with a can of black spray-paint.

8.    Ambrose lit the fuse, unintentionally causing the gasoline fumes that had collected

in the enclosed office spaces to explode. This interrupted Mason's spray-painting, burned her

hair, and prompted both to immediately flee the building as it began to burn. The ensuing fire

caused property damage in excess of $1.1 million dollars. It also required responses by the fire

departments of three adjacent jurisdictions, and numerous personnel of those departments were at

substantial risk of injury while they performed their duties.

9.    Ambrose and Mason then drove back to Empire, where they met Burthwick,

Dzagulones, and a person known to the Grand Jury and told them that the arson had succeeded

but that Mason's hair had been burned and needed to be cut. Dzagulones then cut Mason's

shoulder-length hair into a short haircut.

10.    The next day, on January 1, 2000, Mason, Ambrose, Burthwick, Dzagulones, and

a person known to the Grand Jury observed commercial logging equipment that included a "John

5

Deere" brand Hydro-Ax Shear and a commercial flatbed trailer parked off to the side of a road in or near Mesick, Michigan. The five decided to destroy the equipment by fire and drove to a nearby gas station and convenience store to purchase materials with which to burn the equipment. While Ambrose pumped gasoline into a container, Mason, Dzagulones and Burthwick entered the store and purchased charcoal, firewood, and matches.

11.     The group then returned to the logging equipment and, using the flammable materials just purchased, set fire to it. Using a can of black spray-paint, Dzagulones painted the letters "ELF" and the words "Log in Hell" and "Go Log in Hell" on the flat-bed trailer. The resulting fire caused property damage of approximately $18,000 dollars.

12.     Within a few days of committing the two arsons, and in or near Traverse City, Michigan, Mason and Ambrose composed a "communique" describing the actions and mailed it to a post-office box address known to them as the point-of-contact for ELF publicity. Approximately one month later, Mason sent a second report by electronic-mail to ELF and, a short time later, a detailed report praising the Michigan State arson, the Mesick arson, and a third arson appeared on the ELF website.

13.     The Grand Jury incorporates by reference the allegations contained in Counts 2, 3 and 4 of this Indictment as though fully set forth herein.

18 U.S.C. § 844(n)
18 U.S.C. § 844(f)(1)
18 U.S.C. § 844 (i)

6

## COUNT 2
### (Arson)

On or about December 31, 1999, in East Lansing, in the Southern Division of the Western

District of Michigan, the Defendants,

MARIE JEANETTE MASON and
FRANK BRIAN AMBROSE,

did maliciously damage and attempt to destroy, by means of fire, a building and personal

property owned by an institution receiving Federal financial assistance, to wit, Agriculture Hall at

Michigan State University and the personal property therein, and did thereby create a substantial

risk of injury to persons, including public safety officers performing their duties.

18 U.S.C. § 844(f)(1)
18 U.S.C. § 844(f)(2)

7

## COUNT 3
(Arson)

On or about December 31, 1999, in East Lansing, in the Southern Division of the Western

District of Michigan, the Defendants,

MARIE JEANETTE MASON and
FRANK BRIAN AMBROSE,

did maliciously damage and attempt to destroy, by means of fire, a building and personal

property used in an activity affecting interstate or foreign commerce, to wit, Agriculture Hall at

Michigan State University and the personal property therein.

18 U.S.C. § 844(i)

8

## COUNT 4
### (Arson)

On or about January 1, 2000, in Wexford County, in the Southern Division of the

Western District of Michigan, the Defendants,

MARIE JEANETTE MASON,
FRANK BRIAN AMBROSE,
AREN BERNARD BURTHWICK, and
STEPHANIE LYNNE FULTZ, *nee* DZAGULONES,

and a person known to the Grand Jury, did maliciously damage and attempt to destroy, by means

of fire, or aided and abetted such malicious damage and attempt to destroy by means of fire,

personal property used in interstate commerce or in an activity affecting interstate commerce, to

wit, commercial lumbering equipment consisting of a "John Deere" brand Hydro-Ax Shear and a

commercial flatbed trailer.

18 U.S.C. § 844(i)
18 U.S.C. § 2

A TRUE BILL

_____
GRAND JURY FOREPERSON

CHARLES R. GROSS
United States Attorney

HAGEN WALTER FRANK
Assistant United States Attorney

9